United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

ALUTIQ INTERNATIONAL SOLUTIONS, LLC,

Plaintiff,

v.

OIC Marianas Insurance Corporation,

Defendant.

Case No. 3:16-mc-80201-LB

**ORDER**

Re: ECF No. 15

**INTRODUCTION**

In 2016, Alutiiq International Solutions, LLC registered in this district a District of Nevada judgment against Dennis Lyon and three corporate co-defendants. In August 2026, before the ten-year enforcement period expired, Alutiiq renewed the judgment, and the court entered the renewed amounts. Mr. Lyon, who represents himself, does not challenge the judgment or the renewal. He asks instead for an order requiring Alutiiq to provide a "complete reconciliation" of everything it has recovered, including assets that he recalls but cannot document.

The request is denied. California's renewal statute gives a judgment debtor a motion to vacate or modify the renewal, on which the debtor bears the burden of proof. It does not give him an accounting from the creditor, and Mr. Lyon offers no evidence of an uncredited recovery. But Alutiiq's computation seemingly has one error on its face: it does not credit the $269,222.72 recovered from Oceania Insurance Corporation against Mr. Lyon's balance, even though he and

United States District Court
Northern District of California

Oceania are jointly and severally liable for the same debt. If that is correct, Alutiiq must file a corrected computation.

**STATEMENT**

The 2016 Nevada judgment has three parts: (1) $2,081,059.09 against OIC Marianas Insurance Corporation; (2) $5,336,067.17 against Native American Funds Management Service (NAFMS) and Oceania, jointly and severally with each other and with Mr. Lyon; and (3) $5,345,741.47 against Mr. Lyon, $5,336,067.17 of which is joint and several with NAFMS and Oceania.[1] Alutiiq registered the judgment here on September 22, 2016, under 28 U.S.C. § 1963.[2]

On August 12, 2026, Alutiiq moved to renew the judgment. The court granted the motion the next day and, on Alutiiq's computation, set the renewed amounts at $2,025,598.66 against OIC Marianas, $5,418,701.58 against NAFMS, Oceania, and Mr. Lyon, and $5,700,477.42 against Mr. Lyon.[3] The computation credits three recoveries: $187,169.66 garnished in October 2016 from an OIC Marianas account at First Hawaiian Bank; $269,222.72 garnished in December 2016 from Oceania accounts at Bank of Hawaii; and $16,210 for six parcels of undeveloped land in Valencia County, New Mexico, recovered from Mr. Lyon in April 2018 and valued from the county treasurer's records.[4] Alutiiq gave notice of the renewal on August 20, 2026.[5]

Mr. Lyon responded on September 8, 2026. He does not dispute the two bank recoveries. He asks how the $16,210 credit was determined and asks Alutiiq to account for four other items that he recalls: a two-acre property in Cedar Crest, New Mexico, that he owned with his wife; roughly 34 acres in or near Los Lunas, New Mexico; various quarter-acre lots; and $165,000 in escrow proceeds from the sale of a North Dakota restaurant. He acknowledges that he lacks records for

[1] J., Ex. A to Clayton Decl. – ECF No. 6-1 at 7. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Registration – ECF No. 1; Registration, Ex. B to Clayton Decl. – ECF No. 6-1 at 8–10.

[3] Mot. – ECF No. 6; Order – ECF No. 9 at 2.

[4] Mot. – ECF No. 6 at 3–5; Sellars Decl. – ECF No. 6-2 at 2 (¶¶ 4–10); Tax Account Summaries, Ex. A to Sellars Decl. – ECF No. 6-2 at 5–10; Orders, Exs. A–B to Suppl. Clayton Decl. – ECF Nos. 20-1 at 2–3, 20-2 at 2–3.

[5] Notice – ECF No. 10; Order – ECF No. 13.

United States District Court
Northern District of California

these items.[6] Alutiiq responds with its president's declaration that it has no record of recovering any of the four items.[7]

## ANALYSIS

### 1. The Request for an Accounting

The procedure on execution of a federal money judgment "must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(1). In California, a judgment is enforceable for ten years and may be renewed for another ten by an application filed before the period expires. Cal. Civ. Proc. Code §§ 683.020, 683.120, 683.130. For a registered judgment, the period runs from registration. *Marx v. Go Publ'g Co.*, 721 F.2d 1272, 1273 (9th Cir. 1983). Renewal is a ministerial act. *Goldman v. Simpson*, 160 Cal. App. 4th 255, 262 (2008). The debtor's remedy is a noticed motion, filed within sixty days after service of the notice of renewal, to vacate or modify the renewal on any ground that would be a defense to an action on the judgment, including that the renewed amount is incorrect. Cal. Civ. Proc. Code § 683.170(a)–(c). The debtor bears the burden of proving by a preponderance of the evidence that he is entitled to relief. *Fid. Creditor Serv., Inc. v. Browne*, 89 Cal. App. 4th 195, 199 (2001).

Nothing in that scheme entitles a debtor to an accounting or requires a creditor to disprove recoveries that the debtor recalls. Mr. Lyon disclaims any motion to vacate.[8] He submits no evidence (no declaration, deed, court record, or escrow statement) that Alutiiq recovered anything beyond what it credited. That property was "taken through court-related proceedings" does not show that Alutiiq took it, and Alutiiq's president attests that Alutiiq has no record of recovering the four items and has recovered nothing else from Mr. Lyon.[9]

The record also suggests that some of what Mr. Lyon recalls is already credited. The six parcels behind the $16,210 credit are five quarter-acre lots and a 30.60-acre tract in Valencia

---

[6] Resp. – ECF No. 15 at 1–3. The heading for the Los Lunas property says "approximately 345 acres"; the text says "approximately 34 acres." *Id.* at 2.

[7] Opp'n – ECF No. 18 at 1–3; Suppl. Sellars Decl. – ECF No. 19 at 2 (¶¶ 3–7). The court can decide the dispute without oral argument. Civil L. R. 7-1(b).

[8] Resp. – ECF No. 15 at 1, 3.

[9] *Id.* at 2; Suppl. Sellars Decl. – ECF No. 19 at 2 (¶¶ 3–7); Sellars Decl. – ECF No. 6-2 at 2 (¶ 9).

United States District Court
Northern District of California

County, and one of the garnished Oceania accounts held $164,999.46.[10] The court does not find that these are the Los Lunas acreage, quarter-acre lots and $165,000 that Mr. Lyon describes, but the record gives no reason to think that any recovery was omitted. As to the $16,210 itself, Alutiiq identified each parcel and its value, the values total $16,210, and Mr. Lyon offers no competing evidence of value.[11]

The request for an accounting is denied. This order does not shorten the time that § 683.170(b) gives Mr. Lyon to file a motion supported by evidence.

**2. The Credit for the Oceania Recovery**

One correction seemingly is needed. The court entered the renewed amounts on Alutiiq's computation before any response was due, and it may enter a renewal in a different amount if the creditor is entitled to a different amount. Cal. Civ. Proc. Code § 683.170(c). Mr. Lyon's response, liberally construed, asks that the amount reflect the Oceania recovery. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The judgment makes Mr. Lyon, NAFMS, and Oceania jointly and severally liable for a single $5,336,067.17 debt; only the remaining $9,674.30 is Mr. Lyon's alone.[12] A payment by one co-obligor on a joint-and-several debt reduces what the creditor may collect from the others. *E.g.*, Restatement (Second) of Judgments § 50(2). Alutiiq credited the $269,222.72 Oceania recovery against the NAFMS–Oceania figure but not against Mr. Lyon's, and it computed his balance as if only the $16,210 had been paid.[13] That overstates his balance by $269,222.72 plus the interest computed on that sum since December 2016. The converse also holds: to the extent that the $16,210 was applied to the joint debt, it reduces what NAFMS and Oceania owe. And the renewal

---

[10] Tax Account Summaries, Ex. A to Sellars Decl. – ECF No. 6-2 at 5–10; Order, Ex. B to Suppl. Clayton Decl. – ECF No. 20-2 at 2.

[11] Sellars Decl. – ECF No. 6-2 at 2 (¶ 8); Tax Account Summaries, Ex. A to Sellars Decl. – ECF No. 6-2 at 5–10 (values of $500, $500, $1,500, $1,500, $1,500, and $10,710).

[12] J., Ex. A to Clayton Decl. – ECF No. 6-1 at 7.

[13] Clayton Decl. – ECF No. 6-1 at 3–4 (¶¶ 6–7); Mot. – ECF No. 6 at 4–5.

United States District Court
Northern District of California

order lists the joint amount and Mr. Lyon's amount without saying that the first is part of the second, not in addition to it.[14]

If this is correct, Alutiiq must file a corrected computation. The renewal itself, and its August 12, 2026 effective date, are undisturbed.

## CONCLUSION

1. The court denies Mr. Lyon's request for an accounting.

2. Within seven days, Alutiiq must file a corrected computation and a proposed amended order that (a) credit the $269,222.72 Oceania recovery against the joint-and-several obligation as to all three obligors, including Mr. Lyon, (b) state how the $16,210 was applied as between the joint-and-several obligation and the $9,674.30 that Mr. Lyon alone owes, and (c) state that the joint-and-several amount is included in, not in addition to, the amount against Mr. Lyon. Alutiiq must serve the filing on Mr. Lyon by mail (and email if it has it) and file proof of service.[15] (If the court is wrong, Alutiiq can flag that in a short response.)

3. Mr. Lyon may file a response, limited to the corrected computation, within fourteen days after Alutiiq files it.

This resolves ECF No. 15.

**IT IS SO ORDERED.**

Dated: October 5, 2026

LAUREL BEELER
United States Magistrate Judge

[14] Order – ECF No. 9 at 2.

[15] In ECF No. 25, Alutiiq said it did not have an email address. The court thought it saw a reference to Mr. Lyon's sending an email in one of his filings but could be mistaken.